IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE LUIS REYES-DIAZ,<br>    Petitioner<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br>    Respondents | No. 1:24-cv-01723<br><br>(Judge Kane) |

**MEMORANDUM**

Currently before the Court is pro se Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he seeks an order directing expedited removal proceedings so that he can promptly return to the Dominican Republic before completing his state sentence. For the reasons set forth below, the Court will dismiss the petition.

I.   BACKGROUND

On January 25, 2013, a jury sitting in the Court of Common Pleas of Berks County convicted pro se Petitioner Jose Luis Reyes-Diaz ("Reyes-Diaz") of one (1) count of first-degree murder, two (2) counts of attempted murder, four (4) counts of aggravated assault, and one (1) count of possession of an instrument of crime. See Commonwealth v. Reyes-Diaz, No. 1371 MDA 2019, 2020 WL 1528030, at *1 (Pa. Super. Ct. Mar. 31, 2020) (unpublished). A month later, the trial court sentenced Reyes-Diaz to life imprisonment without the possibility of parole, followed by ten (10) to twenty (20) years' incarceration. See id. Reyes-Diaz unsuccessfully challenged his convictions and sentence on direct review. See id. He then pursued collateral relief under Pennsylvania's Post Conviction Relief Act but was also unsuccessful. See id. at *2. It does not appear that he ever sought federal habeas relief under 28 U.S.C. § 2254.

Almost four (4) years after the conclusion of his pursuit for PCRA relief, Reyes-Diaz filed the instant "Motion for Notice for Final Removal Order," which the Clerk of Court docketed on October 9, 2024.  See (Doc. No. 1).  The Court construed this document as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and issued an Administrative Order requiring Reyes-Diaz to either remit the $5 filing fee or seek leave to proceed in forma pauperis if he intended to prosecute this case.  (Doc. No. 3.)  Reyes-Diaz timely remitted the fee on October 30, 2024.  (Unnumbered Docket Entry Following Doc. No. 3.)  As such, his habeas petition is deemed filed.

In the habeas petition, Reyes-Diaz alleges that he is from the Dominican Republic and is currently incarcerated at Pennsylvania State Correctional Institution Benner Township in Bellefonte, Pennsylvania.  (Doc. No. 1 at 2, 4.)  He points out that he has been incarcerated for the past twelve (12) years.  (Id. at 3.)  He seeks a final order of removal that would return him to his "homeland," the Dominican Republic.  See (id. at 5).

## II. LEGAL STANDARD

Under Section 2241, habeas relief may be extended to a federal prisoner only when they are "in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2241(c)(3).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  See R. 4, 28 U.S.C. foll. § 2254; see also R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not [involving a petition under 28 U.S.C. § 2254]."); Heath v. Bell, 448 F. Supp. 416, 417 (M.D. Pa. 1977) (noting that Rule 1(b) of the Rules Governing Section 2254

Habeas Petitions in the United States District Courts renders Rule 4 applicable to Section 2241 habeas petitions). Thus, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." See McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing R. 4, 28 U.S.C. foll. § 2254).

III.   DISCUSSION

    A.   Analysis

In seeking a final order for removal prior to the expiration of his state sentence, Reyes-Diaz relies on 8 U.S.C. § 1228, which provides for the "[e]xpedited removal of aliens convicted of committing aggravated felonies." See (Doc. No. 1 at 2, 4–5). Reyes-Diaz asserts that he is eligible for removal under Section 1228 because he is an alien who was convicted of an aggravated felony. (Id. at 3–5.) While it appears that Reyes-Diaz is correct that he is an alien who was convicted of an aggravated felony,[1] he is mistaken that this somehow entitles him to have any removal proceedings completed or be removed from the United States prior to the expiration of his state sentence.

Section 1228(a)(3) provides that "[n]otwithstanding any other provision of law, the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings . . . in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony." See 8 U.S.C. § 1228(a)(3)(A). This provision would seemingly provide Reyes-Diaz with the relief he is seeking in his petition. However, it must be read in conjunction with the subsection following it, which

---

[1] Interestingly, Reyes-Diaz does not identify his underlying criminal convictions despite claiming that he was convicted of an aggravated felony. See (Doc. No. 1 at 1–5). Nevertheless, his conviction for murder qualifies as an aggravated felony for purposes of Section 1228. See 8 U.S.C. § 1101(43)(A) (defining "aggravated felony" as, inter alia, "murder").

Reyes-Diaz ignores (Doc. No. 1 at 1–5), and which states: "Nothing in this section shall be construed as <u>requiring</u> the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined."  <u>See</u> <u>id.</u> § 1228(a)(3)(B) (emphasis added).

When read in its totality, Section 1228(a)(3) does not "require the completion of removal proceedings prior to the expiration of [an alien's sentence after being convicted of an aggravated felony], and most importantly it does not require [the alien's] <u>actual</u> <u>removal</u> from the United States prior to the execution of [their] state sentence."  <u>See</u> <u>Gonzalez v. Gordy</u>, No. 7:23-cv-00259, 2024 WL 3886114, at *5 (N.D. Ala. July 19, 2024) (citations omitted), <u>report and recommendation adopted</u>, 2024 WL 3879477 (N.D. Ala. Aug. 20, 2024); <u>Quevedo-Rogue v. U.S. Fed. Bureau of Prisons</u>, No. 1:12-cv-00072, 2012 WL 3156794, at *2 (E.D. Cal. Aug. 3, 2012) ("The statute governing deportation procedures does not require the government to institute and conclude removal proceedings prior to the expiration of an alien's sentence in a correctional facility." (citing 8 U.S.C. § 1228(a)(3)(B)).  Therefore, Reyes-Diaz is not entitled to the habeas relief he seeks in this case, namely, the completion of any removal proceedings or an order directing the issuance of a final order for his removal.  <u>See</u> <u>Guerra v. U.S. Dep't of Homeland Sec.</u>, No. 06-cv-02344, 2006 WL 3486017, at *3 (D.N.J. Nov. 30, 2006) ("[A] prisoner cannot compel [ICE], by way of habeas or mandamus petition or the Administrative Procedures Act, to initiate removal proceedings while the alien is serving [their] prison term. . . . [A]ny such claim brought by an alien inmate to compel [ICE] to initiate removal proceedings before the inmate's prison sentence is completed is unripe and subject to dismissal." (internal citation omitted)); <u>see also</u> <u>Perez v. I.N.S., Dep't of Just.</u>, 979 F.2d 299, 301 (3d Cir. 1992) ("We cannot conceive that Congress would enact legislation that in effect would almost invite aliens to commit serious

4

criminal offenses, secure in the knowledge that the consequence of apprehension and conviction would be deportation rather than imprisonment.").[2]

### B. Certificate of Appealability

In cases in which "the detention complained of arises out of process issued by a State court," a petitioner requires a certificate of appealability to appeal from a final order resolving a petition for a writ of habeas corpus filed pursuant to Sections 2241 or 2254. See 28 U.S.C. § 2253(c)(1)(A); Bricker v. Turner, 396 F. App'x 804, 806 n.2 (3d Cir. 2010) (unpublished) (citing 28 U.S.C. § 2253). To the extent a certificate of appealability determination is required in this case, the Court will not issue one because jurists of reason would not find it debatable whether his claim should be dismissed. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss Reyes-Diaz's Section 2241 habeas petition. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[2] Even if the Court construed Reyes-Diaz's petition as a petition seeking mandamus, the Court would deny it for the same reasons outlined above. See, e.g., Cheng v. Garland, No. 23-cv-00229, 2023 WL 7412095, at *2 (S.D.N.Y. Nov. 8, 2023) (concluding that "a writ of mandamus may not issue to compel the Government to initiate removal proceedings under Section 1228" and citing cases reaching similar results).